**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KHACHUTUR MINASYAN;
ZHIRAYR MINASYAN,

  Petitioners,

  v.

ERIC H. HOLDER Jr., Attorney General,

  Respondent.

No. 04-71045

Agency Nos. A078-667-914
A072-403-795

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 **

Before:  FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Khachatur Minasyan ("Khachutur") and Zhirayr Minasyan ("Zhirayr"),

natives and citizens of Armenia, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

---

  \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KN/Research

decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Khachutur failed to establish extraordinary circumstances excusing his untimely filed asylum application because it is based on disputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). We also lack jurisdiction to review petitioners' challenges to the IJ's pretermission of Zhirayr's asylum application because they were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Khachutur claims he was persecuted on account of his Pentecostal religion. Substantial evidence supports the IJ's finding that Khachutur failed to establish past persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so."). Substantial evidence also supports the IJ's finding that Khachutur failed to establish a clear probability of future persecution based on assisting his

son in avoiding compulsory military conscription, or on any other ground. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Zehatye v. Gonzales*, 453 F.3d 1182, 1188 (9th Cir. 2006) (applicant presented no evidence of individualized threat, and weak, if any, evidence she would be singled out for severe disproportionate punishment for refusing to serve in the Eritrean military due to her religious beliefs). Additionally, Zhirayr did not establish a clear probability of future persecution on account of evading compulsory military service. *See Zehatye*, 453 F.3d at 1188. We lack jurisdiction to review Khachutur's claim based on membership in a disfavored group, because he did not raise it before the BIA. *See Barron*, 358 F.3d at 677-78. Accordingly, petitioners' withholding of removal claims fail.

Lastly, substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured in Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**